Gaetano Tom RUSSO, Jr.,
Plaintiff-Appellant,

v.

Michael BEATON; et al., Defendants-Appellees.

No. 05–16452.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2007 *.

Filed June 22, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Gaetano Tom Russo, Jr., Florence, AZ, pro se.

Mark D. Ishikawa, Esq., Mesa City Attorney's Office, Mesa, AZ, for Defendants–Appellees.

Before: BYBEE and MILAN D. SMITH, Jr., Circuit Judges, and SEABRIGHT,** District Judge.

## MEMORANDUM ***

Gaetano Tom Russo, Jr. ("Plaintiff"), a pro se prisoner, appeals the district court's grant of summary judgment in his 42 U.S.C. § 1983 action. Plaintiff alleges that officers of the Mesa Arizona Police Department used excessive force when arresting him and were deliberately indifferent to his post-arrest medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and affirm.

Reviewing the facts in the light most favorable to the Plaintiff, the record reveals that Plaintiff was suspected of committing an armed robbery. When approached by a police officer, Plaintiff fled and withdrew a .25 caliber pistol. The police officer identified himself as law enforcement and ordered Plaintiff to stop. Plaintiff tossed his gun and continued to run for a short distance. Plaintiff then dropped to his hands and knees. While going to the ground, police tackled Plaintiff to effect the arrest. During this process, one of the officers placed his knee on Plaintiff, breaking Plaintiff's pinky finger. Plaintiff immediately complained that his finger had been broken. Once Plaintiff was handcuffed, he was transported to the police station. Prior to the commencement of questioning, Plaintiff informed another officer that his finger was broken. Paramedics were called and arrived within 15 minutes to treat Plaintiff's injuries. Plaintiff filed suit claiming that the officers' use of force was excessive and that the delay between the occurrence of his injury and his treatment constituted deliberate indifference to his serious medical needs.

The district court properly granted summary judgment because, after resolving all factual disputes in favor of the

** The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Plaintiff, the officers' use of force in chasing, tackling, controlling, and handcuffing Plaintiff was objectively reasonable. *See Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Jackson v. City of Bremerton, et al.,* 268 F.3d 646, 651 n. 1 (9th Cir.2001).

■ Plaintiff also failed to show that there was a genuine issue of material fact as to whether the officers acted with deliberate indifference to his serious medical needs. Plaintiff did not offer evidence to show that his broken finger constituted a serious medical condition or that the failure to treat it at the scene of his arrest was more than an ordinary lack of due care or resulted in the unnecessary and wanton infliction of pain. *See Farmer v. Brennan,* 511 U.S. 825, 832–36, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ Because Russo failed to raise a genuine issue of material fact regarding the violation of any of his constitutional rights, the district court properly determined that the Mesa Police Department is not subject to liability under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (a municipality is only subject to liability under 42 U.S.C. § 1983 if its official policy, practice, or custom causes a constitutional violation).

On appeal, Plaintiff also alleges that the district court erred when it granted summary judgment before addressing Plaintiff's outstanding discovery motions. Plaintiff did not raise this argument when opposing the Defendants' Motion for Summary Judgment, and we do not address the merits of Plaintiff's claim raised for the

first time on appeal. *See Sofamor Danek Group, Inc. v. Brown,* 124 F.3d 1179, 1186 n. 4 (9th Cir.1997).

Plaintiff failed to demonstrate that there was a genuine issue of material fact as to whether his constitutional rights were violated. The district court properly concluded that the Defendants were not subject to liability under 42 U.S.C. § 1983 and we affirm the grant of summary judgment.

**AFFIRMED.**